# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT C. ELLIOTT, | ) |
| | ) |
| Plaintiff | ) CIVIL ACTION |
| v. | ) FILE NO._____ |
| | ) |
| COX ENTERPRISES, INC., as Plan | ) |
| Administrator of the Cox Enterprises, Inc. | ) |
| Long Term Disability Plan | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper under 29 U.S.C. § 1132.

3.

Robert C. Elliott ("Plaintiff"), is a citizen of the United States and Georgia.

4.

Cox Enterprises, Inc., ("Defendant") is a foreign corporation doing business

for profit in Georgia.  Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

## II. STATEMENT OF FACTS

5.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 4 stated above.

6.

Defendant provides long term disability ("LTD") benefits to its employees via a self-funded plan, of which Defendant is the Plan Administrator.

7.

Defendant's LTD Plan is a welfare benefit plan, as defined under ERISA.

8.

Defendant, as Plan Administrator, delegates the administration of LTD claims to Aetna Life Insurance Company, which makes all decisions as to benefits payable, including the administration of appeals of denied claims or terminated benefits.

9.

At all times material to this action, Plaintiff was a covered employee under

Defendant's LTD Plan.

10.

Under Defendant's LTD Plan, a covered employee is considered totally

disabled if:

–       *In the first 24-month period of disability you are not able, solely*
        *because of injury or disease, to work at your own occupation.*

--      *After the first 24 months of a period of disability you cannot work*
        *at any reasonable occupation, solely because of injury or illness.*

11.

Plaintiff worked for Defendant for fifteen (15) years, most recently as a

Director of Technology, which is a sedentary occupation.

12.

Plaintiff stopped working on December 12, 2015, due to multiple health

problems relating to myelofibrosis, depression, and anxiety.

13.

Myelofibrosis is a serious bone marrow disorder that disrupts the body's

normal production of blood cells.  The result is extensive scarring in bone marrow,

leading to severe anemia, weakness, fatigue, and an enlarged spleen (splenomegaly).

14.

Plaintiff's chronic symptoms include abdominal and upper left quadrant pain caused by massive splenomegaly, pain, dizziness, vertigo, fatigue, lethargy, nausea, depression, anxiety, weakness, shortness of breath with minimal exertion, anemia, poor nighttime sleep, daytime sleepiness, and malaise. His medications include Jakafi 15 mg (twice daily for myelofibrosis, up from once daily), Odanestron (Zofran) 4 mg (every 12 hours for nausea), Prochlorperazine (Compazine) 10 mg (every 6 hours for nausea), Allopurinol 300 mg (twice daily for gout, up from once daily), Lexapro 20 mg (once daily for depression), Wellbutrin HCL 75 mg (twice daily for depression), and Protonix DR 40 mg (once daily for acid reflux).

15.

Plaintiff has been diligent in obtaining treatment for his symptoms, but he remains ill, and his doctors continue to support his disability from work.

16.

Plaintiff applied for, and received, the full amount of short term disability benefits under Defendant's plan. Benefits were paid from December 12, 2015 to June 17, 2016.

17.

Defendant, through its Claims Administrator, Aetna, denied Plaintiff's application for long term disability ("LTD") benefits on his first day of eligibility, which Plaintiff appealed with updated medical records and a detailed letter from the treating physician, Dr. Brian Geller, who is Board Certified in Hematology and Medical Oncology. While that appeal was pending, the Social Security Administration awarded Title II SSDI benefits to Plaintiff based on its finding that he is totally disabled. He won his case on his initial application, without a hearing. He continues to receive SSDI benefits to date.

18.

In March 2017, Defendant, through Aetna, reversed its decision and approved LTD benefits.

19.

Nine months later, Defendant, through Aetna, terminated Plaintiff's LTD benefits on December 14, 2017, despite no improvement in Plaintiff's medical condition. In fact, two of Plaintiff's medications (Jakafi and Allopurinal) doubled in dosage level since Defendant initially approved benefits.

20.

On May 25, 2018, Plaintiff appealed Defendant's decision, and submitted updated medical records, including another detailed letter from Dr. Geller. In support of Plaintiff's case, Dr. Geller wrote on February 21, 2018 that, "*Despite treatment, Mr. Elliott reports ongoing symptoms of fatigue, early satiety, abdominal pain, dizziness, night sweats, and severe difficulty with concentration. He also exhibits severe depression and is on antidepressant medication with his primary care physician.*" A few months earlier, on August 21, 2017, Dr. Geller completed a "Capabilities and Limitations Worksheet" indicating that Plaintiff had capacity to lift up to 10 pounds frequently, but that he would be limited to working only four (4) hours per day, which is a "lifelong" restriction according to Dr. Geller. The records from the treating psychologist, Daniel Serritella, Ph.D., also repeatedly reference contemporaneous Global Assessment of Functioning ("GAF") scores of 45, which indicates a "*serious impairment in social, occupational, or school functioning,*" according to the Diagnostic and Statistical Manual of Mental Disorders, 4th Edition ("DSM-IV").[1]

---

[1]In 2013, the American Psychiatric Association removed the GAF scale from the new DSM-5 in favor of the World Health Organization Disability Assessment Schedule (WHODAS 2.0). However, the GAF scale is still used by

21.

On August 1, 2018, Defendant, through Aetna, denied Plaintiff's appeal, and informed him that the decision was final.

22.

Plaintiff remains totally disabled under the terms of Defendant's LTD Plan.

23.

Neither Defendant nor Aetna sent Plaintiff for an independent medical examination. Instead, Defendant, through Aetna, based its final decision to terminate Plaintiff's LTD benefits on a paper file review by two non-examining, out-of-state doctors, neither of whom specialize in Plaintiff's primary illness of myelofibrosis. ERISA regulations state that a medical reviewer in a disability case must have "*appropriate training and experience in the field of medicine involved in the medical judgment*." See 29 C.F.R. § 2560.503-1(h)(3)(iii) and (4). One of Defendant's two reviewing doctors, Dr. Germaine Rowe, is a doctor specializing in Physical Medicine & Rehabilitation. In his report, Dr. Rowe admitted that Plaintiff's primary conditions are "*out of my area of expertise*." Defendant's other reviewing doctor, Dr. David Maroof, is a psychologist. Yet, these are the two non-specialists upon whom

some providers, such as Plaintiff's psychologist, Dr. Serritella.

Defendant, through Aetna, relied in terminating Plaintiff's LTD benefits.

24.

Plaintiff has exhausted his administrative remedies, and this case is ripe for review by this court.

25.

Defendant's termination of Plaintiff's LTD benefits was wrong, unreasonable, and constitutes an abuse of discretion.

## III.  CLAIM FOR RELIEF

## ENTITLEMENT TO BENEFITS

26.

Plaintiff is entitled to LTD benefits under Defendant's LTD Plan because:

a.      These benefits are permitted under Defendant's LTD Plan;

b.      Plaintiff has satisfied all conditions for receipt of these benefits; and

c.      Plaintiff has not waived or relinquished his entitlement to these benefits.

27.

Defendant, through its Claims Administrator, Aetna, improperly terminated Plaintiff's LTD benefits.

## IV.  RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

(1)    That Defendant owes LTD benefits to Plaintiff from December 14, 2017, and

continuing, plus the maximum allowable interest on all back benefits;

(2)    That Defendant owes Plaintiff any other ancillary benefits, if any, to which he

would have been entitled had Defendant not terminated his LTD benefits;

(3)    Award Plaintiff's attorneys' fees, including litigation expenses, and the costs

of this action; and

(4)    Grant other and further relief as may be just and proper.

This 1st day of November, 2018.

**ROGERS, HOFRICHTER & KARRH, LLC**


s/Michael J. Hofrichter
**MICHAEL J. HOFRICHTER**
Attorney for Plaintiff
Ga. State Bar No. 359841
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770)460-1118
mhofrichter@rhkpc.com

9